Sean P. Nalty CA Bar No. 121253
sean.nalty@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA  94111
Telephone:   415-442-4810
Facsimile:   415-442-4870

Attorneys for Plaintiff, Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ELIJAH MAHARAJ and ALLEN BOAZ in his capacity as personal Representative of the Estate of PRANEEL PRASAD<br><br>Defendant. | Case No. 2:24-cv-00026<br><br>**UNUM LIFE INSURANCE COMPANY OF AMERICA'S COMPLAINT FOR INTERPLEADER RELIEF**<br><br>Complaint Filed: 11/14/2023<br>Trial Date:         11/14/2023 |

Plaintiff Unum Life Insurance Company of America ("Unum") brings this action for interpleader relief pursuant to Federal Rule of Civil Procedure 22 to require Defendants Elijah Maharaj and Allen Boaz, in his capacity as Personal Representative of the Estate of Praneel Prasad (collectively, "Defendants"), to interplead, or settle amongst themselves, competing claims made following the death of Praneel Prasad ("Decedent"), to $158,000.00 in basic life benefits,  $158,000.00 in basic accidental death and dismemberment ("AD&D") benefits[1], $100,000.00 in supplemental

---

[1] The AD&D provision has a face value of $158,000.00 plus an additional $2,000.00 childcare rider which may be applicable here.

accidental death and dismemberment benefits, under group insurance policies that Unum issued to insure participating employees of Arrow Electronics, Inc. ("Arrow").

**PARTIES**

1. Unum is a life insurance company with its principal place of business in Portland, Maine. It is duly licensed to do business in the State of California.

2. Upon information and belief, Defendant Elijah Maharaj[2] ("Elijah") is incarcerated at Los Angeles County Jail, Los Angeles County California and a citizen of California, (DA Case No.: NJ30265; LA Sherriff's Dept No.: 021-10459-1332-011) and was the listed beneficiary of Decedent's basic and supplemental life benefits, and basic AD&D benefits.

3. Upon information and belief, the Decedent was domiciled in California, and he was a resident and citizen of Los Angeles County, California, prior to his death.

4. The Estate of Praneel Prasad ("Estate") is being formally administered in the Superior Court of California, County of Los Angeles, under Case Number: 21STPB07429 ("Probate Action"). Defendant Allen Boaz ("Boaz") has been appointed personal representative of the Estate in the Probate Action.

5. Upon information and belief, Defendant Boaz is domiciled in California, and is a resident and citizen of Bellflower, Los Angeles County, California.

**JURISDICTION**

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claims at issue are governed by federal law, particularly the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Further, this is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

//

---

[2] Elijah was a minor at the time of his initial incarceration. Upon information and belief, Elijah is now an adult.

7. Venue in this judicial district is proper under 29 U.S.C. § 1132(e)(2) and 28 U.S.C § 1397 because certain Defendants reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

8. Decedent was an employee of Arrow or one of its affiliates/subsidiaries, and a participant in a group life insurance plan ("Plan") governed by ERISA.

9. Upon information and belief, Decedent had $158,000.00 in basic life coverage, $158,000.00 in AD&D benefits, and $100,000.00 in supplemental accidental death and dismemberment benefits collectively, the "Death Benefits") under the Plan, which was funded by Group Policy No. 880454 001 (Group Policy"), issued by Unum to insure participating employees of Arrow. (Summary Plan Descriptions for the Group Policy, attached as **Composite Exhibit A**.)

10. When Decedent obtained coverage for Death Benefits under the Plan in or around January 1, 2021, he named Defendant Elijah as the sole beneficiary. (Beneficiary Designation reflected in screen shot of benefit enrollment, attached as **Exhibit B**.) There was no contingent beneficiary listed for this benefit.

11. On June 10, 2021, Defendant Elijah allegedly shot Decedent multiple times leading to his death on that date.

12. Upon information and belief, Defendant Elijah was arrested and charged with Decedent's murder. Defendant Elijah is currently incarcerated and is on trial for Decedent's murder.

13. The Group Policy states that Unum will pay the insurance proceeds to the Insured's beneficiary. Under the Group Policy, "[a]t the time you become insured, you should name a beneficiary on your enrollment form for your death benefits under your life insurance. You may change your beneficiary at any time by filing a form approved by Unum with your Employer. The new beneficiary designation will be effective as of the date you sign that form. However, if we have taken any action or made any payment before your Employer receives that form, that change will not go

1  into effect. It is important that you name a beneficiary and keep your designation
2  current." (**Composite Exhibit A,** p. LIFE-CLM-2.)
3      14.    The Group Policy further state that "[i]f you do not name a beneficiary
4  . . . or if your named beneficiary is disqualified, your death benefit will be paid to
5  your estate." (**Composite Exhibit A,** p. LIFE-CLM-2.)
6      15.    The Group Policy identifies Maine as the governing jurisdiction under
7  their choice of law provision. **Composite Exhibit A,** p. C.FP-1. Title 18-C §2-802,
8  Maine's so-called "Slayer Statute", states that "[a]n individual who feloniously and
9  intentionally kills the decedent forfeits all benefits under this Article with respect to
10 the decedent's estate, including an intestate share, an elective share, an omitted
11 spouse's or child's share, a homestead allowance, exempt property and a family
12 allowance. If the decedent died intestate, the decedent's intestate estate passes as if
13 the killer disclaimed the killer's intestate share." 18-C §2-802(2).
14     16.    Title 18-C §2-802 goes on to state that:
15     After all right to appeal has been exhausted, a judgment of conviction
16     establishing criminal accountability for the felonious and intentional
17     killing of the decedent conclusively establishes the convicted individual
18     as the decedent's killer for purposes of this section. In the absence of a
19     conviction, the court, upon the petition of an interested person, shall
20     determine whether, under the preponderance of evidence standard, the
21     individual would be found criminally accountable for the felonious and
22     intentional killing of the decedent. If the court determines that, under that
23     standard, the individual would be found criminally accountable for the
24     felonious and intentional killing of the decedent, the determination
25     conclusively establishes that individual as the decedent's killer for
26     purposes of this section.
27 Title 18-C §2-802(7).
28 //

17. California's so-called "slayer statute" states that:

(a) A person who feloniously and intentionally kills the decedent is not entitled to… (1) Any property, interest, or benefit under a will of the decedent, or a trust created by or for the benefit of the decedent or in which the decedent has an interest, including any general or special power of appointment conferred by the will or trust on the killer and any nomination of the killer as executor, trustee, guardian, or conservator or custodian made by the will or trust. (2) Any property of the decedent by intestate succession.

(b) In the cases covered by subdivision (a)(1) The property interest or benefit referred to in paragraph (1) of subdivision (a) passes as if the killer had predeceased the decedent…

California Probate Code §250.

18. As to life insurance proceeds, California's so-called "slayer statute" states:

A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

California Probate Code §252.

19. The statute further states that:

(a) final judgment of conviction of felonious and intentional killing is conclusive for purposes of this part.

(b) In the absence of a final judgment of conviction of felonious and intentional killing, the court may determine by a preponderance of evidence whether the killing was felonious and intentional for purposes

of this part. The burden of proof is on the party seeking to establish that the killing was felonious and intentional for the purposes of this part. California Probate Code §254.

20. Decedent did not list a secondary beneficiary for his Death Benefits.

21. Unum has received a claim for the Death Benefits from Decedent's Estate which believes Defendant Elijah should be disqualified from any benefit as he has been arrested and charged with Decedent's murder.

22. Despite multiple attempts, Unum has been unable to ascertain whether or not Defendant Elijah would disclaim the Death Benefits.

23. Unum has inquired whether the claimants may be able to reach an amicable resolution in an effort to avoid litigation, but without success.

## BASIS FOR INTERPLEADER

24. Unum is subject to multiple liability with respect to the Death Benefits payable upon Decedent's death, because of rival claims by Defendants.

25. Unum is unable to determine which Defendant is entitled to the Death Benefits, and is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

26. Unum has no claim to or interest in the Death Benefits, except for the payment of its reasonable attorneys' fees and costs incurred in bringing this action for interpleader, and Unum at all times has been willing to deliver to the person or persons entitled to possession.

27. Unum has in no way colluded with any Defendant concerning the matters of this cause.

28. Unum has filed this complaint of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them.

29. Unum unconditionally offers and is ready to deposit with the Court the Death Benefits in the amount of $418,000.00, and any applicable interest.

//

**WHEREFORE**, Unum respectfully requests that this Honorable Court grant the following relief:

A. That each of the Defendants be restrained from instituting any action against Unum related to the recovery of the Death Benefits;

B. That Unum be permitted to remit the Death Benefits into the Registry of this Court pending judgment;

C. That the Defendants be required to interplead and settle among themselves their rights to the Death Benefits;

D. That Unum be discharged from all liability under the Group Policy with respect to the death of Decedent;

E. That Unum be awarded its attorneys' fees and costs, and that this amount be deducted from the Death Benefit; and

F. For such further relief as the Court may deem appropriate.

Respectfully submitted this 29th day of December, 2023.

DATED: January 2, 2024              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                                    By: /s/ Sean P. Nalty
                                        Sean P. Nalty
                                        Attorneys for Plaintiff, Unum Life
                                        Insurance Company of America